COMMONWEALTH
vs.
WHITE.

---

Case 4.

## Commonwealth *vs.* White, (Free Negro.)

INDICTMENT.

APPEAL FROM MARION CIRCUIT.

An indictment under *sec.* 7, *Rev. Stat. page* 643, charging that the defendant "*did unlawfully sell whisky, and brandy, and other spirituous liquors, &c.,*" lacks the ordinary certainty required by the *Criminal Code,* to give the defendant notice of the particular charge constituting his offense.

CASE STATED.

The appellant, a free man of color, was indicted in the Marion circuit court for a violation of the provisions of the *7th section Rev. Stat. page* 645, which is as follows: "If a free negro shall    *    *    *
*    *    *    *    *    * sell to any per-
' son in any quantity, whisky, brandy, or other spirit-
' uous liquor, she shall, upon indictment and convic-
' tion, be fined in a sum not less than fifty, nor more
' than three hundred dollars, and stand committed
' until the fine and costs be paid; one-half of the
' fine, when collected, to the use of the common-
' wealth's attorney."

The indictment charges that "the said Charles
' White, a free man of color, on the 1st day of July,
' 1857, in the county aforesaid, did unlawfully sell
' whisky, brandy, and other spirituous liquors, against
' the peace, &c."

To this indictment the defendant's counsel demurred, which being sustained by the court below, the commonwealth appealed to this court.

*James Harlan*, Attorney General, for the commonwealth—

I submit whether the allegations of the indictment do not charge an offense punishable by law?

The time, place, and charge, are clearly and distinctly set forth, and sufficiently apprize the defendant of the particular act constituting his offense.

*Shuck*, for appellee.

[No brief on file. REP.]

Judge DUVALL delivered the opinion of the court.

According to the rules laid down in the Criminal Code, an indictment must contain a statement of the acts constituting the offense, with the particular circumstances of the offense charged, where they are necessary to constitute a complete offense. The object of these and all similar provisions is, that the defendant may be informed, with reasonable certainty, of the charge upon which he is to be tried, and that such trial may be a bar to any future prosecution for the same offense.

In this case the charge in the indictment is that the defendant, (who is a free negro,) "did unlawfully sell whisky, and brandy, and other spirituous liquors," &c. This, we think, is obviously too general, and lacks the ordinary certainty requisite to give to the defendant any available notice whatever of the particular act or acts constituting his offense.

We are of opinion, therefore, that the demurrer was properly sustained, and the judgment is affirmed.

---

COMMONWEALTH
*vs.*
WHITE.

Dec. 8, 1857.

An indictment under *section 7, Rev. Stat. chapt.* 643, charging that the defendant "*did unlawfully sell whisky, and brandy, and other spirituous liquors, &c.,*" lacks the ordinary certainty required by the *Criminal Code,* to give the defendant notice of the particular charge constituting his offense.