Saylor v. Commonwealth.

CASE 88.—PROSECUTION AGAINST JOHN SAYLOR AND
JOHN SMITH FOR ESCAPING FROM JAIL.—May 8.

## Saylor v. Commonwealth
## Smith v. Same

Appeal from Knox Circuit Court.

H. C. FAULKNER, Circuit Judge.

Defendants convicted and appeal.  Reversed.

1. Prisoner—Hard Labor Statute—Verdict for Fine and Costs—
   Ky. Stats., sec. 1377, providing that a defendant convicted
   of a misdemeanor and fined shall work at hard labor until
   the fine and costs are paid at the rate of one dollar per day,
   is not unconstitutional.
2. Working on Highway—Escaping From Guard—Custody of
   Jailor—Where a prisoner is properly committed to jail under
   a judgment of a court for non-payment of a fine and costs,
   the jailer is authorized to work him on the highway, and
   while there he is as fully in the jailer's custody as when
   actually in jail, and to escape from the custody of the jailer
   or guard is to escape from jail in the meaning of the
   statute.
3. Verdict—Judgment—Escaping—Order of Court—Mittimus—Ky.
   Stats., sec. 1338, provides that if a prisoner confined on a
   sentence of imprisonment, x x x or under a capias,
   escapes jail x x x he shall be confined in jail not less than
   six nor more than twelve months. On the trial of two persons
   charged with an assault the jury fixed their "fine at $2.50
   each and costs, and if they fail to pay or replevy they shall
   work same out on some public road at one dollar a day, one
   day for each dollar of fine and cost;" the court adjudged
   "that the plaintiff recover of the defendants the sum of $2.50
   each and the cost of the prosecution, and if they fail to
   pay or replevy the fine and costs they will be and are required

to work same out on some public road or street of this county, one day for each dollar of the fine and costs." On the trial of these defendants on an indictment for escaping from the guard while at work under this judgment, held, that they were not confined on a sentence of imprisonment. The mere verbal directions of the circuit judge to the jailer are not sufficient to warrant a conviction under the statute for escaping from jail. There must be either an order of court entered on the order book or a mittimus or some appropriate writ warranting the jailer in receiving or holding the prisoners, such as he could produce and rely on in response to a writ of habeas corpus.

W. R. BLACK for appellant.

1. The demurrer of the appellant, to the indictment, under which he was tried, should have been sustained by the lower court, because it does not state facts sufficient to constitute an offense, as provided by section 1338 of the Kentucky Statutes.

2. There is no legal evidence that attempts to prove that the appellant was under sentence of imprisonment.

3. There is no legal evidence to show how or under what authority the appellant was put in jail.

4. Section 1338 of the Kentucky Statutes does not provide, that if a person shall escape from a guard or a person in charge of him he shall be guilty of the offenses of escaping from jail.

5. We think that section 1377 of the Kentucky Statutes is unconstitutional in so far as it provides that the defendant shall work at hard labor till the cost is paid.

6. The lower court erred in his instructions to the jury. The said court did not give the jury the whole law of the case, and did not fairly instruct the jury.

## AUTHORITIES CITED.

Sections 1338, 1232, 1377, 1378, 1379, 1380, 1381, of Ky. Stats., sections 289, 293 and 298, Criminal Code; sec. 17 Ky. Constitution; Heilman v. Commonwealth, 8 Ky. Law Rep., 452; Commonwealth of Ky. v. Sherley, 11 Ky. Law Rep., 641; Connor v. Commonwealth, 13 Bush, 714.

N. B. HAYS, Attorney General, and C. H. MORRIS for appellee

1. The proof shows, by both the records of the court, which

were properly introduced in evidence by the clerk of the Circuit Court, that the appellant had been fined for a failure to work the roads; that the court had rendered judgment on the verdict, and had ordered the appellant to be taken in custody of the jailer and held by him until the fine and costs were paid, unless sooner replevied by the appellant.

2. We think it sufficient to show that the appellant was legally in custody of the jailer; whether he was in the jail, out in the yard, or on the county road is not a matter to be taken advantage of by him; he is shown to have been legally in the custody of the person who had him in charge.

3. As to the capias, we cannot see that one was necessary; the purpose of a capias is to procure the body of the prisoner; the record shows that he ·rendered himself in execution, by refusing to replevy or pay the fine, when the judge of the court ordered the jailer to take charge of him.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

These two appeals involving the same facts will be determined together. At the April term, 1905, of the Knox circuit court, appellants were fined for assault. The judgment in the case in these words: "This case was called for trial, the parties announced ready, and came a jury,  *  *  *  who were sworn as the law directs, and, having heard the evidence and instructions of the court, returned the following verdict: . 'We, the jury, agree and find the defendants guilty, John Smith and John Saylor, and fix their fine at two and one-half dollars each and costs. If they fail to pay or replevy, they shall work same out on some public road at one dollar a day, one day for each dollar of fine and costs. W. B. Dozier, foreman.' It is therefore adjudged by the court that plaintiff recover of the defendants the sum of $2.50 each and the costs of this prosecution, and if they fail to pay or replevy the fine and costs they will be

and are required to work same out on some public road or street of this county, one day for each dollar of the fine and costs." When the verdict was returned, the circuit judge asked the defendants if they would pay or replevy the fine, and, they declining to do either, he directed the jailer to take charge of them. This the jailer did, and took them to jail. No order of court was made, except that above quoted, and no capias or mittimus was issued. The jailer simply took charge of the defendants under the verbal direction of the circuit judge. Two or three days after this the jailer put them in charge of a guard, who took them out to work on one of the county highways. While they were at work on the highway the guard needed some lumber for a culvert, and went off about 200 yards to get it, leaving appellants at work on the road. When he returned they had left the road, but were still in sight, and when he started after them they ran away. They were arretsed a few days afterwards, and were indicted under section 1338, Ky. Stat., 1903: "If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail, or if a person lawfully arrested under a charge for a violation of the criminal or penal laws forcibly or by bribery effects his escape from the officer or guard, he shall be confined in jail not less than six nor more than twelve months." They were found guilty, and their punishment fixed at six months' imprisonment in jail.

It is insisted for them that they had worked more than 2 1-2 days and could not be worked for the costs. Section 1377, Ky. Stat., 1903, provides that the defendant shall work at hard labor until the fine and costs are satisfied. The costs are a part of the

punishment. The legislature in its discretion might have made the fine larger and provided for the payment of the costs out of the fine, or it might require the defendant to be placed at hard labor until the fine and costs were paid. The hard labor is the punishment for the offense, and the amount of hard labor that should be required may be regulated by the legislature. The statute in requiring the defendant to be put at hard labor until the fine and costs are paid is not unconstitutional. The appellants, though not in jail, were in the custody of the jailer, and when they escaped from the guard by running away from him they escaped from jail. The jailer is authorized by the statute to work the prisoners on the highway, and while there they are as fully in his custody as when actually in jail. To escape from the custody of the jailer, is to escape from jail within the meaning of the statute. But they were not confined on a sentence of imprisonment. No judgment had been rendered except that above quoted. If the court had entered an order showing that they, being in custody, declined to pay or replevy the fine, and ordering them committed to the custody of the jailer for hard labor as directed in the judgment, then this part of the statute would apply. But the court had made no order of this sort, and there was no sentence of imprisonment. They had a right at any time to pay or replevy the fine and costs. It is equally clear that they were not held under a capias or mittimus, for the word "capias" here is used in a broad sense and includes a writ for the holding of the person. No writ of any kind had issued. The statute is a severe one, and, to punish the defendant under it, its conditions must

be complied with. The mere verbal directions of the circuit judge to the jailer are not sufficient to warrant a conviction under the statute. There must be either an order of court, entered on the order book, or a mittimus, or some appropriate writ, warranting the jailer in receiving and holding the prisoners, such as he could produce and rely upon in response to a writ of habeas corpus. Under the facts the court should have peremptorily instructed the jury to find the defendants not guilty.

Judgment reversed, and cause remanded for further proceedings consistent herewith.