## Largin and Early v. Commonwealth.

(Decided January 10, 1922.)

### Appeal from Rowan Circuit Court.

1. Intoxicating Liquors—Misjoinder—Election.—The overruling by the trial court of the appellant's demurrer to the indictment was error compelling a reversal. The demurrer should have been sustained because of a misjoinder of offenses in the indictment and the necessity for an election by the Commonwealth as to which it would prosecute, the first offense attempted to be charged being an unlawful sale of whiskey by the appellants, the second the unlawful transporting, for sale, of whiskey by them.

2. Intoxicating Liquors—Demurrer.—The demurrer was also fatal to the indictment because of its failure to allege the name of the purchaser of the whiskey charged to have been sold, or that the name was unknown to the grand jury; and also because of its failure to allege that such sale, and that intended of the whiskey transported, was not "for sacramental, medicinal, scientific, or mechanical purposes in the Commonwealth of Kentucky."

3. Indictment and Information—Exceptions.—An exception or exceptions contained in the sentence or paragraph of the statute that creates and describes the offense must be negatived in the indictment.

CLAY & HOGGE for appellants.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellants, Kiser Largin and Sherman Early, were together tried and convicted in the court below, the punishment inflicted upon each of them by the judgment being a fine of $55.00 and imprisonment of fifty days in jail, under a joint indictment charging each with two offenses. The first that the defendants did unlawfully sell, barter, give and lend spirituous liquors; the second that they did transport and keep for sale such liquors. Each of them was refused a new trial and each has appealed.

One of the grounds urged for a new trial and now relied on for the reversal of the judgment as to each appellant was, and is, that the trial court erred in overruling the demurrer filed by each appellant to the indictment; and also the motion by each of them to require the Commonwealth to elect which of the two offenses charged in the indictment it would prosecute. The demurrers should have been sustained; for, as stated, the indictment attempted to charge two offenses but without making either good in law to constitute an offense. As to the first it is not alleged to whom the liquor was given, sold, bartered and loaned. This was indispensably necessary unless the name of such person was to the grand jury unknown, and if this was the case the indictment should have so alleged. Wilson v. Commonwealth, 14 Bush 159; Ellis v. Commonwealth, 78 Ky. 130. The allegations setting forth the second offense are also insufficient. Treating as surplusage other immaterial facts stated, the offense charged is that of transporting intoxicants in violation of chapter 81, Acts of 1920, and as the indictment does not negative the exceptions contained in the enacting clause and body of the statute, no offense was charged. Dials v. Commonwealth, 192 Ky. 440, and cases therein cited. This omission also appears as to the alleged sale constituting the first offense.

It is apparent, therefore, that the indictment was fatally defective. Wherefore the judgment as to each appellant is reversed, with directions to the circuit court to sustain the demurrers to the indictment.