## Wilbert Vanmeter and Tom Vanmeter v. Commonwealth.

(Decided June 9, 1925.)

### Appeal from Edmonson Circuit Court.

1.  Indictment and Information—Particular Circumstances in Indictment Must Show that Offense Committed.—The particular circumstances in an indictment must show that an offense has been committed.
2.  Criminal Law—Not Judicially Noticed that a Particular Kind of Beer Intoxicating.—Though courts will judicially notice that ordinary common beer is intoxicating, such rule is not applicable to a particular kind of beer, which may or may not be intoxicating.
3.  Indictment and Information—Indictment for Possessing Still Beer, Failing to Allege that it was Intoxicating, Held Bad on Demurrer.—Indictment for possession of intoxicating liquor, charging that defendants "did unlawfully have and keep in their possession spirituous, vinous, and malt liquors, to-wit, still beer" without alleging that the still beer was intoxicating, held insufficient in view of Criminal Code of Practice, sections 122, 124, rendering indictment bad on demurrer.

MILTON CLARK for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellants, Wilbert Vanmeter and Tom Vanmeter, were convicted of possessing intoxicating liquor, and their punishment fixed at a fine of $300.00 each and imprisonment for sixty days.

The first ground on which a reversal is asked is that the indictment was insufficient. The indictment is as follows:

> "The grand jury of the county of Edmonson, in the name and by the authority of the Commonwealth of Kentucky, accuse Wilbert Vanmeter and Tom Vanmeter of the offense of unlawfully having in possession spirituous, malt and intoxicating liquors, committed as follows, to-wit: The said Vanmeter and Vanmeter heretofore, to-wit: On the — day — A. D. 192—, and before the finding of this indictment in the county aforesaid, did unlawfully, have and keep in their possession spirituous, vinous and malt liquors, to-wit: Still beer for other than medicinal, mechanical, scientific or sacramental purposes in the Commonwealth of Kentucky.
>
> "Done as aforesaid within the year last past, and against the peace and dignity of the Commonwealth of Kentucky."

Under our Code, the indictment must be direct and certain as regards (1) the party charged; (2) the offense charged; (3) the county in which the offense was committed; (4) the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. Section 124, Criminal Code. It is also essential that an indictment contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case. Section 122, Criminal Code. Our statute is directed against the possession of intoxicating liquor. While the indictment accuses appellants of possessing intoxicating liquor, yet when it comes to describe the particular circumstances of the offense, it merely charges that they "did unlawfully have and keep in their possession spirituous, vinous and malt liquors, to-wit, still beer," without any allegation that the still beer was intoxicating. It has never been held in any case that

certainty in stating the offense charged in an indictment will dispense with the necessary and required certainty in stating the particular circumstances of the offense charged. On the contrary, it is necessary that the particular circumstances in the indictment show that an offense has been committed. Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61. While the courts will take judicial knowledge of the fact that ordinary, common beer is intoxicating, that rule does not apply to a particular kind of beer which may or may not be intoxicating. That being true, the descriptive part of the indictment should have alleged that the still beer was intoxicating, and the omission of this allegation renders the indictment bad on demurrer.

In view of this conclusion we refrain from passing on the other questions presented.

Judgment reversed and cause remanded with directions to sustain the demurrer to the indictment.