## Noah and Curley Johnson v. Commonwealth.

. (Decided February 16, 1926.)

## Appeal from Edmonson Circuit Court.

1. Intoxicating Liquors—Indictment Charging Possession of Still Beer Held Sufficient on Demurrer.—Indictment charging offense of unlawful possession of intoxicating liquors, and that it was committed by defendants' having in their possession intoxicating liquors, to-wit, still beer, held sufficient as against demurrer, on ground that still beer was not alleged to be intoxicating.

2. Intoxicating Liquors—Instructions Held Not to Mislead Jury Into Belief they Could Convict Unless They Found Still Beer Intoxicating.—Where indictment for unlawfully possessing intoxicating liquor charged possession of still beer, jury could not have been misled by instruction, which followed indictment, into believing they could find defendants guilty of possessing intoxicating liquor unless they believed the still beer was intoxicating.

3. Intoxicating Liquors—Evidence Held to Show Still Beer Intoxicating.—Where indictment charged offense of unlawfully possessing intoxicating liquors, evidence held to show still beer, with possession of which defendants were charged, to be intoxicating.

B. M. VINCENT for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

Appellants were jointly indicted, tried and convicted of unlawfully possessing intoxicating liquor. Their first insistence for a reversal is that the court erred in overruling their demurrer to the indictment. It charges them with the offense of unlawfully having intoxicating liquors in possession and that the offense was committed by unlawfully having in their possession "spirituous, vinous, malt and intoxicating liquors, to wit: 'still beer.' "

Their contention is that this is not an allegation that the still beer is an intoxicating liquor, but clearly this is not true. In the case relied upon to support this contention, Vanmeter v. Commonwealth, 209 Ky. 465, 273 S. W. 36, the word "intoxicating" was not employed as in this indictment and it is not therefore in point.

The instructions also are criticised upon the ground that they did not submit to the jury the question of

whether the still beer was intoxicating or not. The instructions, however, followed the indictment and did not authorize a conviction unless the jury believed from the evidence beyond a reasonable doubt that defendants had in their possession "spirituous, vinous, malt and intoxicating liquor, to wit: still beer."

The only issue in the evidence was as to whether the beer was intoxicating, and while the instructions might have been formed more clearly to present this single issue of fact, the jury could not have been misled by the instructions as formed into believing that they were authorized to find the defendants guilty of having intoxicating liquor in their possession unless they believed the still beer was intoxicating. There is therefore no merit in this contention.

The only other complaint is that there was no evidence that the still beer was intoxicating, but in this counsel are mistaken, since one of the witnesses for the Commonwealth stated that "it was intoxicating and would make a man drunk," and there is much other evidence in the record warranting a like inference.

Perceiving no error in the record prejudicial to appellants' substantial rights the judgment is affirmed.