## Middleton v. Commonwealth.

(Decided November 13, 1928.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors.—Indictment for selling spirituous, vinous, and malt liquors held sufficient as against demurrer on ground that it did not describe liquor sold as intoxicating; any one of common understanding being bound to know that defendant was charged with selling intoxicating liquor, which is sufficient under Criminal Code of Practice, secs. 136, 137.

2. Indictment and Information.—While hypercritical and mere technical deficiencies in indictments will be disregarded and such instruments liberally construed by dispensing with ancient exact-

ness and formality, an indictment must substantially conform to principles and rules of pleading established by Criminal Code of Practice, secs. 122-124.

3. Intoxicating Liquors.—Under Criminal Code of Practice, secs. 122-124, name of alleged purchaser of intoxicating liquor for beverage purposes must be stated in descriptive part of indictment for selling such liquor, unless unknown to grand jury, in which event such fact must be stated.

4. Intoxicating Liquors.—Indictment for selling intoxicating liquor held fatally defective, under Criminal Code of Practice, secs. 122-124, in omitting name of alleged purchaser from descriptive part, though given in accusation.

5. Indictment and Information.—Under Criminal Code of Practice, sec. 170, new indictment after expiration of limitation period following return of case on reversal for fatal defect in original indictment should show that it is a continuation of prosecution begun by such indictment.

F. M. JONES for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

Omitting title and signature, the indictment under which the appellant, Burrell Middleton, was convicted is as follows:

"The grand jury of Harlan county, in the name and by the authority of the Commonwealth of Kentucky, accuses Burrell Middleton of the offense of selling spirituous, vinous, malt and intoxicating liquors, to Sam Jones, committed in the manner and form as follows, viz.: The said Burrell Middleton in said county on the 29th day of November, 1927, and within one year next before the finding of this indictment, did unlawfully and willfully sell spirituous, vinous and malt liquors for other than sacramental, mechanical, medicinal or scientific purposes, against the peace and dignity of the Commonwealth of Kentucky."

A reversal of the judgment is sought on the ground of error in overruling the demurrer to the indictment, the defects alleged being that it does not describe the liquor sold as intoxicating, and the name of the purchaser is omitted from the descriptive part.

As authority for the first contention, reliance is had on the case of Vanmeter v. Commonwealth, 209 Ky. 465, 273 S. W. 36. The indictment in that case describes the liquor as "still beer" without alleging it to be intoxicating, and, although it was declared the courts will take judicial notice of the intoxicating quality of ordinary common beer, they will not do so as to a particular quality of beer which might or might not be intoxicating. In the instant case the substance the defendant was charged with selling was "spirituous, vinous and malt liquors," without particularizing.

In Middleton v. Commonwealth, 197 Ky. 422, 247 S. W. 41, it was held the word "liquor" was of such usual acceptation in the common language as to be synonymous with intoxicating liquor. In Brown v. Commonwealth, 198 Ky. 663, 249 S. W. 777, and Kenny v. Commonwealth, 211 Ky. 349, 277 S. W. 480, we construed the phrase "spirituous liquor" as sufficiently describing the character of liquor involved as intoxicating. Any one of common understanding is bound to know that the defendant was charged with selling intoxicating liquor in violation of the statute, and that is all that is required. Criminal Code, secs. 136, 137. The indictment in this respect is therefore sufficient.

2. It will be observed the name of the defendant's alleged customer is given in the accusation, but is omitted from the portion of the indictment usually referred to as the descriptive part. Sections 122 and 124 of the Criminal Code very definitely prescribe the essential requirements of an indictment, and section 123 lays down a form for the guidance of draftsmen of indictments. With such explicit directions and their multitudinous interpretations, it would appear that there ought to be little difficulty in drafting an indictment in an ordinary case. While we have no intention to depart from the modern rule of disregarding hypercritical and mere technical deficiencies in indictments, or to be out of harmony with the trend of liberal construction of such instruments by dispensing with ancient exactness and formality, nevertheless an indictment must substantially conform to established principles and rules of criminal pleading. The indictment in this case does not so conform.

It is now well settled, at least in this jurisdiction, that the name of the alleged purchaser of intoxicating

liquor for beverage purposes must be stated in the indictment, unless unknown to the grand jury, in which event that fact must be stated. Largin v. Commonwealth, 193 Ky. 366, 236 S. W. 243; Mays v. Commonwealth, 194 Ky. 540, 240 S. W. 58. The proper and essential place for such name is in that part of the indictment which describes the offense the defendant is accused of committing.

In the case of Commonwealth v. C. & O. Ry. Co., 72 S. W. 758, 24 Ky. Law Rep. 1887, this court considered the suffciency of an indictment where an essential element was omitted from the description, although included in the accusatory part, and held it to be fatal, saying:

"The offense for which appellee was indicted in this case is known as a 'statutory offense,' and in the charging part of the indictment it is sufficient to follow the language of the statute near enough that the accused may certainly be put upon notice of the crime for which he is called upon to answer. When that is done, however perfectly done, it does not dispense with a good description also of the facts upon which the pleader relies as constituting the offense. The Code is equally imperative as to each of these requirements. The indictment must fully satisfy each."

In Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61, and Deaton et al. v. Commonwealth, 220 Ky. 343, 295 S. W. 167, the sections of the Criminal Code here involved were before the court, and in the latter opinion we said:

"The two sections therefore should be read together, and they mandatorily require that an indictment 'must be direct and certain' as to 'the offense charged' (section 124), and then it must contain 'a statement of the acts constituting the offense,' etc. The first requirement is contained in what we have heretofore held to be the accusatory part of the indictment, which is that part where the offense is named, and the second requirement should appear in that part of the indictment designated as its descriptive part, and we have uniformly held that unless the indictment contained the required certainty

prescribed by both the sections, supra, it would be fatally defective. In other words, a good statement of the offense in the descriptive part of the indictment will not supply the failure to name the offense in the accusatory part of the indictment, and, vice versa, a correct naming of the offense in the accusatory part of the indictment will ont supply a defective statement of the acts constituting the offense in its descriptive part.''

It is the right of a defendant to be tried on a good indictment, and we are constrained to hold the indictment in this case to be fatally defective in the particular mentioned.

On a return of the case, if it should again be resubmitted to the grand jury for its consideration and another indictment returned in proper form, and if the period of limitation shall have expired, the new indictment should show that it is a continuation of the prosecution begun by this one. See Roberson's New Kentucky Criminal Law, sec. 265; Criminal Code, sec. 170, and notes.

The judgment is reversed, with directions to sustain the demurrer to the indictment.

The whole court sitting.