## Holt v. Commonwealth.

May 21, 1940.

Franklin P. Stivers, Judge.

Wm. Lewis & Son for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This appeal seeks the reversal of a judgment of the circuit court of Laurel county, wherein appellant was convicted of selling moonshine whisky and his punishment fixed at a fine of $500 and six months' imprisonment in the county jail.

This appeal comes before us upon appellant's motion for an appeal, which has been here granted, from that judgment.

Numerous grounds are assigned and argued for a reversal of the judgment, but, in view of the conclusion we have reached, that the verdict and judgment will have to be reversed as based upon an erroneous instruction given by the court, we deem it unnecessary to discuss them.

The indictment in this case accuses the appellant, Amos Holt, of the offense of unlawfully, etc., selling spiritous and intoxicating liquors, committed on February 14, 1940, in "a dry territory in Laurel Co., Kentucky," and further set out the fact that a local option election had been held in said county, when it voted dry.

Upon the trial, it was testified for the commonwealth by Oma Prewitt that he purchased from appellant one pint of moonshine whisky in Laurel county, at the appellant's home on Laurel river, about two months before the date of said trial.

Also Edgar Litteral testified that he was preesnt at said time and saw Oma Prewitt purchase the whiskey from Amos Holt.

The defendant, testifying for himself, denied having sold the whisky to Oma Prewitt in the presence of Edgar Litteral or having sold him whisky at any other time. He also testified that he did not even live on Laurel river at the time of the alleged sale, but lived at Keavy in Laurel county.

Such practically was the testimony upon which appellant was convicted under the instruction, covering such evidence, given by the court.

This instruction was that if the jury believed, beyond a reasonable doubt, that the appellant had within twelve months before the finding of the indictment, on the occasion mentioned in the evidence, unlawfully sold to the prosecuting witness, Oma Prewitt, one pint of untaxed or what is commonly known as moonshine whisky, it would find the defendant guilty and fix his punishment at a fine of not less than $100 and not more than $5,000, or at imprisonment in the county jail for any length of time, not exceeding five years, or that it might both so

fine and imprison him within these limits in its reasonable discretion.

Laurel county, according to the indictment, is a local option county and has adopted local option therein as provided for in sections 2554c-1 to 2554c-42, Kentucky Statutes, being chapter 1 of the Acts of 1936.

Subsection 17 of the act provides that when an election is held in the entire county and the majority of the votes cast are against the sale, etc., of intoxicating liquors, then the provisions of the Prohibition Act shall be applicable.

The punishment provided under section 2554c-28 for a first offense committed in violation of this act, such as this case appears to be on the face of the indictment, is a fine of not less than $20 and not more than $100 and, "if a person, he shall in addition be imprisoned in the county jail for not less than thirty nor more than sixty days."

However, the punishment authorized under the instruction given by the court, under which appellant was found guilty of violating the Local Option Law, seemingly was based upon section 2554b-195 of the Alcoholic Beverage Control Law, contained in Carroll's Kentucky Statutes, 1939 Edition, supplemental to the 1936 Edition of the Statutes.

This section, under which the court here, we conceive, erroneously instructed the jury, fixes the penalties for the violation of the different sections of that act or for "trafficking in alcoholic beverages without a license" and covers altogether a different territory from the provisions of the Local Option Law, providing penalties for the illegal sale of whisky in local option territories.

Clearly the offense of which the accused was here found guilty under the evidence was for the violation of the Prohibition Act, the punishment for which was therein expressly provided for as above stated.

Such being the case, the court should have instructed the jury under section 2554c-28, providing the penalties for violation of the Local Option Law.

We therefore conclude that the trial court, in so instructing the jury, committed a reversible error, for which the judgment, based thereon, must be, and it is, reversed.