## Johnson v. Commonwealth.

Dec. 15, 1944.

J. B. Campbell for appellant.

Eldon S. Dummit, Attorney General, and M. J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Mrs. Martin Johnson, was convicted in the Knox circuit court at its February term, 1944, of selling intoxicating liquor in local option territory, and punished by a fine of $50, and thirty days in jail, with the consequent requirement in such cases that the convicted defendant execute a peace bond, which she later did.

Her motion for a new trial was overruled, and she has filed in this court a transcript of the record with a motion for an appeal, which is now sustained and the appeal granted.

We reversed the judgment in an opinion delivered October 20, 1944, upon two grounds, (1) that the indictment did not name the purchaser of the liquor at the alleged illegal sale for which appellant was convicted, and (2) that the evidence was insufficient to sustain the verdict of guilty, and that a directed verdict of acquittal should have been given.

Upon reconsideration, on petition for rehearing filed by the Commonwealth, our attention has been called to the fact that the bill of exceptions was not filed within the time prescribed in section 334 of our Civil Code of Practice, and without showing any legal excuse for the delay. It should, therefore, be stricken from the record, which is accordingly done, and which leaves for our consideration only the question as to whether or not the indictment was sufficient to charge a public offense and

to sustain a conviction by the verdict of the jury trying the case. Omitting caption and signatures, it reads:

"The Grand Jury of Knox County, in the name and by authority of the (Commonwealth of Kentucky accuse Mrs. Martin Johnson of the) offense of selling spirituous, vinous, malt and intoxicating liquors.

"Committed in manner and form as follows: viz., the said Mrs. Martin Johnson on the 10th day of June, 1943, and within 12 months next, before the finding of this indictment and in the county and state aforesaid, did unlawfully, wilfully sell spirituous, vinous, malt and intoxicating liquors, and which said liquors were not for sacramental, medicinal, scientific, or mechanical purposes, and in local option territory where prohibition had become effective under the laws of the Alcoholic Control Act, and contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky." (Our parenthesis.)

The language in parenthesis is not contained in the indictment as copied by the Clerk, but which omission may have been made by him through oversight in transcribing the record.

It will thus be seen that in the descriptive part of the indictment no purchaser of the liquor in the alleged sale by appellant is named, and in describing the status of the territory within which the alleged unlawful sale was made the indictment says that it was done "in local option territory where prohibition had become effective under the laws of the Alcoholic Control Act."

In the case of Com. v. White, 57 Ky. 492, 18 B. Mon. 492, the accused, a free negro, was charged with selling liquor contrary to a statute then in existence, and at his trial he was convicted, followed by an appeal to this court. His offense was committed in 1857, six years after the adoption of our Codes of Practice, one section of which was substantially the same as section 124 of our present Criminal Code of Practice, which says: "The indictment must be direct and certain as regards * * * the party charged. * * * The offense charged * * *," and, "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." This court on the appeal of the White case, in consider-

ing the requisites of an indictment as set forth in the Code section, said:

"The object of these and all similar provisions is, that the defendant may be informed, with reasonable certainty, of the charge upon which he is to be tried, and that such trial may be a bar to any future prosecution for the same offense."

The court then quoted the language as contained in the indictment, saying, " 'did unlawfully sell whisky and brandy and other spirituous liquors' etc." It then added: "This, we think, is obviously too general, and lacks the ordinary certainty requisite to give to the defendant any available notice whatever of the particular act or acts constituting his offense." That ruling has continuously been followed by this court in numerous cases listed in Volume 11 of West's Kentucky Digest under the heading of Intoxicating Liquors, key 219, some of which are: Middleton v. Com., 226 Ky. 220, 10 S. W. 2d 812; Mays v. Com., 194 Ky. 540, 240 S. W. 58, and Largin v. Com., 193 Ky. 366, 236 S. W. 243.

In the Middleton case in determining the instant question we said (226 Ky. 220, 10 S. W. 2d 813): "It is the right of defendant to be tried on a good indictment, and we are constrained to hold the indictment in this case to be fatally defective in the particular mentioned." In the Mays case (194 Ky. 540, 240 S. W. 59) we said, in deciding the same question, "The indictment, however, is insufficient to properly charge the offense of unlawfully selling intoxicating liquors, since it nowhere names the purchaser thereof, nor is the excuse for such a failure, that the buyer was unknown to the grand jury alleged therein. It is essential to an indictment for the unlawful sale of liquor that the person to whom it was sold should be named." Citing Wilson v. Com., 77 Ky. 159, 14 Bush 159.

In some of the cases so holding, a demurrer was filed to the indictment by the defendant, but which was not done in this case. However, if the indictment was fatally defective, or invalid, or did not charge a legal offense by omitting the name of the purchaser of the liquor so as to render it fatal, invalid and void on a demurrer, it would appear to be an impossible task to hold it valid and sufficient, when no demurrer had been filed to it. But, however that may be, the indictment is

further defective and invalid because it charged the sale of liquor in alleged prohibition territory which was made such "under the laws of the Alcoholic Control Act."

The Alcoholic Control Act, KRS 241.010 et seq., prescribes no means whereby the administrators of that act may establish prohibition or local option in any prescribed territory. It only is a regulatory act conferring power on the authority it creates to promulgate regulations concerning sales by those having the right under permission given; whilst the local option statute (the Alcoholic Beverage Act, KRS 242.010 et seq.) creates machinery for the establishment of local option territory and prohibiting the sale of liquor within it, and which was expressly so held in the two recent cases of Holt v. Com., 283 Ky. 138, 140 S. W. 2d 1013, and Stroud v. Com., 291 Ky. 588, 165 S. W. 2d 172. Since the Alcoholic Control Act contains no provisions for the establishment of local option territory, and it not being averred in the indictment that any election had been held under the Alcoholic Beverage Act within the territory where the alleged sale was made, the indictment was fatally defective, and the court should have dismissed it and resubmitted it to the grand jury.

However, the bill of evidence as transcribed by the stenographer—though not filed in time—constitutes a part of the record brought to this court, and we have read and considered it. We find no evidence in it supporting the verdict of guilty as returned by the jury, and if the bill of exceptions had been filed in time we would be compelled to direct a verdict of acquittal, because the testimony was insufficient to sustain the conviction.

Wherefore, for the reasons stated, the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.

The whole court sitting.