## Strunk v. Commonwealth.

May 10, 1946.

Joe Feather for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

As appears from the bill of exceptions, Andy Strunk, without benefit of counsel, appeared in the Whitley Circuit Court and entered a plea of guilty to an indictment charging him with illegally selling intoxicating liquor in Whitley County where prohibition was in effect. No jury was empanelled to assess the punishment but the judge fixed it at a fine of $100 and confinement in the county jail for 60 days, the maximum provided in KRS 242.990 for the offense as denounced in KRS 242.230.

Strunk filed a motion for a new trial in which he assigned as errors: (a) That the indictment did not state a public offense; (b) that the court was without authority to assess his punishment above the minimum prescribed by KRS 242.990 for the offense charged in the indictment, and that a jury should have been empanelled to fix his punishment if the judge was not satisfied to impose the minimum prescribed by statute. The court denied him a new trial and he has made a motion here for an appeal.

No demurrer was filed to the indictment but appel-

lant argues that none was necessary as the indictment charged no public offense in that the descriptive part thereof failed to name the person to whom the liquor was sold, and it was further defective in charging that the sale violated the "Alcoholic Control Act," citing Johnson v. Com., 299 Ky. 72, 184 S. W. 2d 212. The rule is that where an indictment fails to state a public offense, the sufficiency thereof may be raised on an appeal though no demurrer was filed; but where the indictment defectively states a public offense, such defect is waived unless a demurrer is filed. Maggard v. Com., 257 Ky. 414, 78 S. W. 2d 315.

In the Johnson case, 299 Ky. 72, 184 S. W. 2d 212, the indictment utterly failed to name the person to whom the liquor was sold, hence we there held it charged no public offense. But in the instant case the accusatory part named Oda Wilson as the purchaser, and while failure to include his name in the descriptive part of the indictment might have made it bad under secs. 122 and 124 of the Criminal Code of Practice on demurrer, it cannot be said the indictment failed to name the purchaser and therefore it stated no public offense. See Sowders v. Com., 257 Ky. 347, 78 S. W. 2d 28, where it was written that the defect of not naming the defendant in the accusatory part of the indictment was waived when no demurrer was filed and defendant appeared personally, waived formal arraignment and entered a plea of not guilty.

The indictment averred that the sale of the intoxicating liquor was illegally made in territory wherein prohibition was in effect but erroneously charged that it was in violation of the "Alcoholic Control Act." The indictment would have been bad upon demurrer since we have held that one charged with selling or trafficking in liquor in local option territory must be prosecuted under the local option law, KRS Chapter 242, and not under the Alcoholic Beverage Control Act, KRS Chapter 241. Wilson v. Goodin, 291 Ky. 144, 163 S. W. 2d 309; Stroud v. Com., 291 Ky. 588, 165 S. W. 2d 172. However, appellant's failure to demur waived this defect in the indictment.

The bill of exceptions shows that appellant was not represented by counsel, and upon the case being called entered a plea of guilty; whereupon the judge, without

the intervention of a jury, instructed the clerk to enter an order inflicting a fine upon him of $100 and a sentence of 60 days in the county jail. Section 258 of the Criminal Code provides that the jury shall fix the degree of punishment, unless the same is fixed by law. That section as construed in Bates v. Com., 190 Ky. 338, 227 S. W. 472, means that on a plea of guilty in a misdemeanor case a judge may inflict the punishment if it is definitely fixed by law; but if not so fixed and there is a minimum and maximum prescribed, the case must be submitted to the jury to determine the amount of punishment to be inflicted, unless the judge inflicts the minimum that the jury could prescribe. The reason the judge may fix the punishment at the minimum on a plea of guilty in a misdemeanor case is that the defendant cannot be heard to say that his rights are prejudiced when the judge fixed his punishment no higher than the minimum the jury could have inflicted. The Bates opinion is followed in Wolking v. Com., 236 Ky. 741, 33 S. W. 2d 647.

Not only does sec. 258 of the Criminal Code of Practice provide that the jury shall fix the punishment, but KRS 431.130 contains a similar provision. The learned Assistant Attorney General who briefed this case for the Commonwealth admits with commendable frankness that the trial court committed reversible error in fixing appellant's punishment at the maximum for the offense denounced in KRS 242.230 and that the punishment inflicted by the court should have been the minimum fine of $20 and imprisonment in the county jail for 30 days, KRS 242.990, or else the degree of punishment should have been left to the jury.

The motion for an appeal is sustained and the judgment is reversed for proceedings consistent herewith.