## BENTLEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 23, 1954.

Francis M. Burke, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

This is a motion for an appeal from a judgment of the Pike Circuit Court convicting appellant, Joe Bentley, of the crime of escaping jail and fixing his punishment at 30 days in jail and a fine of $100. In seeking a reversal he insists the court erred: 1. in overruling the demurrer to the indictment; 2. in overruling his motion for a directed verdict; 3. in instructing the jury.

The indictment charged appellant with unlawfully, willfully and feloniously escaping from the Pike County jail while outside the jail to which he was committed by a judgment of the Pike Circuit Court upon conviction of a misdemeanor. Criticism is directed to the indictment because it does not charge appellant accomplished his escape "forcibly or by bribery."

In several cases we have held it was not necessary for a prisoner lawfully confined in jail under a judgment of conviction to use force or bribery in making his escape; that a prisoner is not justified or authorized in leaving jail of his own volition and in so doing he was guilty under the statute of escaping jail. Whitaker v. Com., 188 Ky. 95, 221 S.W. 215, 10 A.L.R. 145 (where a "jailed jailer" used a key he had on his person to release himself and we held it was an escape under the statute); Maggard v. Com., 173 Ky. 97, 190 S.W. 666; Saylor v. Com., 122 Ky. 776, 93 S.W. 48.

■ What is said here is not in conflict with Crosby v. Com., 242 Ky. 62, 45 S.W. 2d 822, 823. There, the prisoner was not confined in jail under a sentence but was being held in default of bail while awaiting trial. Other prisoners unassisted or unadvised by him dug a tunnel under the jail wall and Crosby walked out. We there held his escape was from "the officer or guard" and under KRS 432.370 such an escape to be a crime must be made by force or bribery. Our cases dealing with KRS 432.370 (formerly KS 1338) recog-

nize the statute punishes two characters of escape: 1. from jail while the accused is serving a sentence under a judgment of court, in which event no force or bribery is necessary; 2. escaping from an "officer or guard", which must be effected by force or bribery to violate the statute.

Further complaint is made because the indictment does not state the crime for which appellant had been convicted. However, the indictment averred appellant had been committed to jail "upon a judgment, order and sentence of the Pike Circuit Court upon conviction of a misdemeanor." This was sufficient without naming the specific misdemeanor of which appellant was convicted.

■ There is no merit in appellant's contention that the court erred in overruling his motion for a directed verdict. The proof, though not as definite and certain as it might have been, substantiates the charge in the indictment that while appellant was in jail under a conviction for a misdemeanor and while he was acting as a "trusty", he escaped from jail.

A more serious question is raised on the instructions. Appellant was indicted for an offense denounced by KRS 432.370, which fixed the punishment at imprisonment for not less than six nor more than twelve months. The court erroneously instructed on the common law rather than on the statutory offense, and also wrongfully fixed the penalty for the common law offense at a fine in any sum or imprisonment for any length of time, or both. This was formerly the punishment for a common law offense where the punishment was not otherwise fixed by statute. But in 1950 the General Assembly limited such punishment to imprisonment in the county jail not exceeding twelve months or a fine not exceeding $5,000, or both, where the punishment was not fixed by statute. Acts 1950, Chapter 169, p. 666, now KRS 431.075.

■ The general rule is that the court or jury in assessing the punishment of an

offense fixed by statute must set same within the statutory limitations, and a punishment assessed at less than the minimum prescribed by the statute is no less illegal than one in excess of the maximum. 24 C.J.S., Criminal Law, § 198 2d, page 1199; Graham v. State, 1 Ark. 171, pages 183–184.

The Commonwealth argues that as the punishment fixed by the jury was less than that provided in the statute, appellant could not have been prejudiced. However, sight is lost of the fact that the statute fixed the minimum punishment at six months in jail while the instruction given by the court put no minimum or maximum on the punishment. The jury under the proper instruction may not have been willing to convict appellant had it known the minimum punishment must be fixed at six months confinement in jail, and they may well have acquitted him before fixing such punishment. See Sanders v. Com., Ky., 269 S.W.2d 208. See, also, Stanley's Instructions to Juries, § 764, p. 1032; Holt v. Com., 283 Ky. 138, 140 S.W.2d 1013; Stroud v. Com., 291 Ky. 588, 165 S.W.2d 172, which bear on the subject although not directly in point.

The Commonwealth further argues that escaping jail is a common law offense as well as a statutory one, and it was not prejudicial error for the court to instruct on the penalty as provided by the common law. But in Com. v. Hargis, 124 Ky. 356, 99 S.W. 348, at page 350, we said that when the offense is both created and described by statute, the common law as to it is abrogated and when the punishment for a common law offense is prescribed by statute it is exclusive.

The motion for an appeal is sustained, and for the reasons given the judgment is reversed.