Ronald HARROD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 3, 1977.

Rehearing Denied July 1, 1977.

Thomas E. Clay, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., William W. Pollard, Asst. Atty. Gen., Frankfort, David Armstrong, Com. Atty., 30th Judicial Dist., Louisville, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

WILHOIT, Judge:

Ronald Harrod was indicted by the Jefferson County Grand Jury on one count of trafficking in a controlled substance and on three counts of trafficking in narcotics.

Following a trial on October 6, 1976, the jury returned a verdict of guilty on the three counts of trafficking in narcotics and not guilty on the trafficking in a controlled substance count. The jury recommended sentences of five years on each of the narcotics counts. The trial judge entered judgment in accordance with the jury's recommendation on October 15, 1976, ordering that the sentences be served consecutively, for a total term of fifteen years. This appeal has been brought from that judgment.

During the period between June 26, 1975 and July 14, 1975, Ronald Harrod allegedly engaged in four narcotics transactions with Officer Gary Marksbury. Officer Marksbury was engaged in undercover work as a member of the narcotics squad of the Louisville Police Department.

At trial, the proof consisted of testimony by police officers regarding the purchases and the care and custody of the exhibits. A deposition of the chemist who analyzed the drug samples was read to the jury, over appellant's objection. Various motions for a directed verdict of acquittal were overruled at the conclusion of the Commonwealth's case. The defense offered no proof.

Appellant insists that the admission of the deposition of the chemist over his timely objection was reversible error. Counsel for appellant was served with a "Notice, Motion and Order" on July 12, 1976. The order had already been signed by the trial judge, setting July 23, 1976, at "9:30 a. m. or shortly thereafter" as the appointed time to depose the chemist who had performed the analyses of the suspected drugs. As grounds for taking the deposition, the Commonwealth had stated in its motion:

1. The Chemist, John Fischer will be unable to appear as a witness for the Commonwealth on the day of trial.
2. Testimony of John Fischer is material and necessary in order to prevent a failure of justice.

Counsel for defendant immediately notified both the court and the assistant commonwealth's attorney that he was "on orders" to attend the Ordnance Officer Advanced Course at Aberdeen Proving Grounds, Maryland, and would be unavailable to represent the defendant on the date assigned for the deposition. He then filed objections to the taking of the deposition and a motion for a protective order. In addition to stating that counsel for the defendant was to be out of the jurisdiction on July 23, 1976, the objections to the notice-motion-order also attacked the sufficiency of the notice. The objections were overruled and the motion denied. There is nothing in the record to indicate why another date for taking the deposition was not set. The deposition was taken on the appointed day with neither the appellant nor his counsel present.

The right of a defendant in a criminal prosecution to confront and cross-examine the witnesses against him is essential to a fair trial and is protected by Section 11 of our Constitution as well as the Sixth Amendment to the United States Constitution. This right has been so carefully guarded that formerly the Commonwealth was not permitted at all to take and use the depositions of its witnesses at trial. *Kaelin v. Commonwealth,* 84 Ky. 354, 1 S.W. 594 (1886). The better and modern view is to permit such procedure but to ensure thereby full protection of the rights of personal confrontation and cross-examination of the witness by defendant. RCr 7.12; *Noe v. Commonwealth,* Ky., 396 S.W.2d 808 (1965).

We believe that the trial court should have set the taking of the deposition of the chemist at a time when defendant's counsel could have been present. There was no showing by the Commonwealth as to why in the period from July 12 to the date of trial in October another time could not have been set for this deposition. Even

aside from the problem with the taking of the deposition, its admission into evidence at trial was clearly erroneous. There was no showing whatsoever made by the Commonwealth of the existence of any of the requisite circumstances for use of a deposition at trial under RCr 7.20. The Commonwealth argues that the burden is on the defendant to show that the witness was available at the time of trial once it has secured an order to take his deposition. Quite the contrary, the prosecution must not only show the witness's unavailability at time of trial but that it has made a good faith effort to obtain his presence at the trial. *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

■ Appellant next contends that the court should have sustained his motion to dismiss counts II and III of the indictment charging trafficking in a schedule II drug known as Dilaudid and a schedule II drug known as Demerol. Neither Dilaudid nor Demerol is specifically listed by name in KRS 218A.070, nor does the record contain any competent evidence indicating that these substances are included within one of the various compounds scheduled in KRS 218A.070 or any schedule adopted by the state board of health pursuant to that statute. These counts, according to appellant, do not therefore charge an offense as required by RCr 6.10 and should have been dismissed.

In support of this position appellant cites *United States v. Huff,* 512 F.2d 66 (5th Cir. 1975). In that case the court held that a count in an indictment charging the defendant with unlawful possession of "methylenedioxy amphetamine, a Schedule I controlled substance" did not charge an offense. Methylenedioxy amphetamine, a different drug from 3, 4 methylenedioxy amphetamine, the drug actually listed in Schedule I, was not a controlled substance. The court concluded that the count consequently charged nothing more than an act which is legal.

In this case, however, both Dilaudid and Demerol are trade names for substances listed in KRS 218A.070 [1] and as such are

included within the substances listed there under the terms of KRS 218A.030 which provides that "controlled substances listed . . . in the schedules . . . in this chapter are included by whatever official, common, usual, chemical, or trade name designated." We hold, therefore, that Counts II and III of the indictment charged an offense within the meaning of RCr 6.10. If appellant wished to know within what particular scheduled substance the Commonwealth believed Dilaudid and Demerol to be included, RCr 6.22 affords him a means to obtain this knowledge. It should be noted that in this case appellant did move for a bill of particulars but asked for no information concerning the inclusion of Dilaudid or Demerol within the statute. Of course, at trial the prosecution would have to prove by appropriate evidence that Dilaudid and Demerol are included within the substances listed in KRS 218A.070.

Further, we do not believe that the counts of the indictment as written in any manner prejudiced the substantial rights of the appellant. The indictment sufficiently informed him of the nature of the charge against him so as to enable him to prepare a defense and it sufficiently stated that offense so as to bar a future prosecution for the same offense. *Johnson v. Commonwealth,* 299 Ky. 72, 184 S.W.2d 212 (1944).

■ Finally, appellant claims that the Commonwealth has failed to properly establish the chain of custody of the various narcotics samples admitted into evidence. A complete chain of custody of this evidence tracing its possession from the time it was obtained from the defendant to its final custodian must be established or the samples may not be admitted. *Henderson v. Commonwealth,* Ky., 507 S.W.2d 454 (1974); 29 Am.Jur.2d *Evidence* Section 774 (1967). On retrial the Commonwealth should show this chain of custody.

For the reasons stated above the judgment herein is reversed.

All concur.

1. *See Dorlands Illustrated Dictionary* (24th ed. 1965).