## Commonwealth v. Tobin.

(Decided October 13, 1910.)

## Appeal from Bourbon Circuit Court.

1.  Indictments— Necessary Allegations.— An indictment must charge in the accusative part the public offense which it is intended to present, and in the descriptive part must state the facts which, if established by the proof, constitute the offense charged.

2.  Same.—An indictment must be direct and certain, (1) as to the party charged, (2) the offense charged, (3) the county in which the offense was committed, and (4) the particular circumstances of the offense charged if they be necessary to constitute a complete offense. (Crim. Code, section 124.)

3.  Several Offenses—Election of Prosecuting Attorney.—When the same act may constitute either of several offenses, it is at the election of the prosecuting attorney, or if an indictable offense, at the election of the grand jury, to determine which of the offenses the accused will be put on trial for.

4.  Seduction Under Promise of Marriage—Abandonment.—An indictment charging that the accused willfully abandoned a female under 21 years of age, whom he had seduced under promise of marriage, within three years after the marriage, is not good in this state, as it does not state in what county the seduction occurred, or that it occurred in this state.

5.  Same—Filing Away or Dismissing Indictment—Re-instatement—Re-indictment.—Two courses are open to the commonwealth in prosecutions for seduction when the accused marries the girl he seduced,—one is to continue the indictment on the docket for three years, or to file it away with leave to re-docket upon notice; the other is to dismiss it, and if within three years after the marriage cause arises for resuming the prosecution, such as abandonment, to re-indict the defendant. That the former indictment was dismissed without a trial or without his being placed in jeopardy under it, is not a bar to a subsequent prosecution for the same offense. A prosecution is suspended when the indictment is dismissed without a trial and judgment on the merits, and it may be renewed by re-indicting the accused.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR Asst. Attorney General, CHARLES H. MORRIS, and ROBERT B. FRANKLIN, Commonwealth's Attorney, for appellant.

P. A. THOMPSON for appellee.

Opinion of the Court by Judge O'Rear—Affirming.

A general demurrer was sustained to the following

indictment, and the Commonwealth appeals:

"The grand jury of the county of Bourbon in the name and by the authority of the Commonwealth of Kentucky, accuse Claude Tobin of the crime of willfully (and without such cause as constitutes a statutory ground for divorce to the husband) abandoning and deserting a female twenty-one years of age, whom he had seduced under promise of marriage, within three years after the marriage committed as follows, viz:

"The said Claude Tobin, in the said county of Bourbon on the tenth day of June, A. D., 1910, and within twelve months theretofore the finding of this indictment, did unlawfully, willfully, and feloniously, without such cause as constitutes a statutory ground for divorce to the husband, abandon and desert his wife who was Nannie Berry, a female under twenty-one years of age, whom he had unlawfully and feloniously seduced and had carnal knowledge of under promise of marriage, and for which seduction the said Tobin, was by the grand jury of Bourbon county, indicted on the fourth day of December, 1909, and to avoid prosecution under said indictment, the said Tobin had after December 4th, 1909, married said Nannie; and within three years after said marriage the said Tobin had and did abandon and desert said Nannie as and when aforesaid, against the peace and dignity of the Commonwealth of Kentucky."

The indictment was framed under section 1214, Ky. Stats. (Carroll's)

The indictment must charge in its accusative part, the public offense for which it is intended to present the accused, and in the descriptive part, must state the facts which if established by the proof constitute the offense charged. (Brooks v. Commonwealth, 98 Ky. 143, 17 R. 693.) It must be direct and certain as to (1) the party charged; (2) the offense charged; (3) the county in which the offense was committed, and (4) the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. (Sec. 124, Criminal Code.)

The same act may constitute either of several punishable offenses. It is at the election of the prosecuting officer, or in an indictable offense, at the election of the grand jury, to determine which of the offenses embraced in the act complained of the accused will be put on trial for. Hence the necessity for charging with certainty the particular offense for which he is to be prosecuted. The

rule is, the offense charged controls and a description of it that might have enlarged that offense will not operate of itself to do so, the matter in addition to that necessary to be stated being regarded as surplusage. (Coe v. Commonwealth, 94 Ky. 606; Commonwealth v. Jarboe, 89 Ky. 143.)

The offense charged in this indictment is that the accused "willfully abandoned a female under twenty-one years of age, whom he had seduced under promise of marriage, within three years of the marriage." But that is not a criminal offense under the laws of Kentucky. While that fact is taken notice of by the statutes for other purposes, it is not punishable criminally.

But it is argued for the Commonwealth, if the indictment is sufficient in its terms to charge a public offense, and is reasonably certain as to the offense charged, and the circumstances of it, it is good although it may contain surplusage, and necessitate some grammatical re-arrangement. We have endeavored to apply the rule contended for to the case in hand. Conceding that the accusation sufficiently charges the seduction of a female under twenty-one years of age under a promise of marriage, and admitting the charge of her abandonment within three years was an unnecessary statement in the accusation, it must then appear in the description of the offense that it had been committed within the jurisdiction of the indicting court. Overlooking the arrangement of the language of the description which seems to be aimed at the supposed offense of abandonment, and noting the facts appearing, which may be taken as that the accused seduced Nannie Berry, an infant female under twenty-one years of age, under a promise of marrying her, and after having been indicted therefor he did marry her, but within three years, without statutory cause to him for a divorce, abandoned her, still the indictment is deficient. It does not state in what county the seduction occurred, nor does it allege that the seduction occurred in this state. It does charge that the abandonment occurred in Bourbon county, Kentucky. But for aught that appears the seduction may have occurred elsewhere, and beyond the jurisdiction of the Bourbon circuit court. It is as necessary to state the county in which the offense charged was committed, as any other fact named in the indictment.

The opinion in Commonwealth v. McNutt, 118 S. W. 978, is relied on by the Attorney General as authority

in the support of the sufficiency of this indictment. The question in McNutt's case was if the accused marry the girl before indictment, whether the statute for seduction applied. We held that it did.

The statute originally was that "whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under sixteen years of age, shall be guilty of a felony, and upon conviction thereof, shall be confined in the penitentiary not less than one nor more than five years; * * * provided, however, that no prosecutions shall be instituted when the person charged shall have married the girl seduced; and provided further, that any prosecution instituted under this act shall be discontinued if the party accused marry the girl seduced before final judgment." (Act May 17, 1886, Gen. Stats., c. 29, page 473.)

In the revision known as Kentucky Statutes, the same provision is brought forward, except that the "age of consent" is raised from sixteen to twenty-one years, and the limitation of prosecution extended from one year to two years. In 1894 this court in Commonwealth v. Wright, 16 Ky. Law Rep. 251 (marked for official publication) held that an offer by the accused to marry the girl before final judgment, which was refused by her, excused the defendant, and was a bar to further prosecution under the statute as it then was. That opinion was followed in a number of subsequent cases. (Commonwealth v. Hodgkin, 23 R. 829; Commonwealth v. Israel, 23 Rep. 841; Ingram v. Commonwealth, 114 Ky. 726, 24 R. 1531; Commonwealth v. Akers, 28 Rep. 78.) The last amendment, the one of 1906, which is section 1214, supra, adopts the court's construction of the former statute, incorporating it in express language that an offer to marry the girl is sufficient reparation. There was incorporated also a provision against another evil, namely, when the accused married the girl in order to end his prosecution, and then directly abandoned her as soon as the prosecution was dismissed. So, the present amendment, as does the whole statute, looks primarily to the best reparation that could be made after such a seduction, the marriage of the parties, the fullfilment of the pledge under which the seduction had occurred. But it would not be reparation, or at best but slight, if an immediate abandonment were allowed to frustrate the main purpose of the law. Hence the seducer is required to live with his wife for at least three years, unless there

be statutory ground for divorce from her, before his offense under the criminal law is extinguished. The offense is yet, as it was in the beginning, the seduction of an infant female under promise of marriage. Allowing the accused to marry her is reparation only in event that he abides with her three years (unless ground for divorce mentioned should arise). The period of limitation for prosecution under the statute is now raised to four years, so as to give the prosecution a means of enforcing the criminal statute against the seducer should he within that time bring himself again subject to its provisions. It was, therefore, held in McNutt's case that the marriage of the accused and the girl did not alone satisfy the statute; that he must maintain the relation for the required time, or be subject to punishment as if he had not married her at all. The indictment in McNutt's case was for seduction. It ran in this language:

"The grand jury of the county of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, accuse Lawrence E. McNutt of the crime of unlawfully and feloniously seducing and having carnal knowledge of a female under twenty-one years of age under the promise of marriage, committed in manner and form as follows, to-wit:

"The said Lawrence E. McNutt in the said county of Jefferson, on the ——— day of December, A. D., 1907, and within four years next before the finding of this indictment, being a male person, did promise to marry Mattie Lee Kessler, a female then under twenty-one years of age; and he the said Lawrence E. McNutt did then and there and under promise of marriage unlawfully and feloniously seduce and have carnal knowledge of her the said Mattie Lee Kessler, then and theretofore a virtuous female; and that said Mattie Lee Kessler, in consequence thereof, became pregnant with child by said defendant; that although said defendant did on ——— day of August, 1908, marry said Mattie Lee Kessler, he did thereafter, on the ——— day of August, 1908, and within three years after said marriage, unlawfully, willfully and without such cause as constitutes a statutory ground of divorce to the husband and without having any just or legal cause, did abandon and desert said Mattie Lee Kessler then having become as aforesaid his wife Mattie Lee McNutt, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

This indictment goes more in details than seems to have been necessary, as it was immaterial whether the defendant was a single man (Davis v. Commonwealth, 98 Ky. 708); or that the girl was begot with child by the defendant, or that he abandoned her without "just or legal cause." It is cited more to indicate that in that case the prosecution was for seduction, not abandonment.

It is suggested that the indictment in the case at bar shows in its face that the accused had been indicted before his marriage with Miss Berry, and it is now stated that as that indictment was presumably dismissed, the judgment is a bar to further prosecution. Not so. Two courses are open to the Commonwealth in prosecutions for seduction when the accused marries the girl seduced. One is to continue the indictment on the docket for three years, or to file it away with leave to redocket upon notice; the other is to dismiss it, and if within three years of the marriage, cause arise for resuming the prosecution, such as the abandonment here charged, to reindict the defendant in substance as was done in the McNutt case. That there was a former indictment which was dismissed without the defendant's being tried on it, or his having been placed in jeopardy under it, is not a bar to subsequent prosecutions for the same offense. Or even though he was placed in jeopardy by the trial's having been begun, if he then married the girl and moved a discontinuance of the trial, he would not subsequently be allowed to take advantage of his own act so far as to defeat the renewed prosecution. The statute says the prosecution may be suspended upon the marriage of the parties, but shall be renewed if the husband without statutory cause abandons the wife in three years. A prosecution, under this statute, is suspended when the indictment is dismissed without trial and judgment on the merits. It may be renewed by reindicting the accused.

The judgment sustaining the demurrer to the indictment in this case is affirmed.