### Commonwealth v. Adams.

(Decided December 18, 1923.)

### Appeal from Letcher Circuit Court.

Drunkards—Intoxication and Disturbance of the Peace Must be Shown to Establish Offense.—Under Acts 1922, c. 33, section 24,

one is not guilty of an offense, unless he is intoxicated in one of the places specified, or disturbs the peace of some person.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellant.

R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The indictment in this case was filed on August 8, 1923. It charged Tandy Adams with the offense of drunkenness, the descriptive part reading:

"The said Tandy Adams in the said county of Letcher on the 21 day of Aug., 1922, and within twelve months before the finding of this indictment did unlawfully and wilfully and knowingly be and become drunk and in an intoxicated state by the use of liquor or other intoxicating beverages contrary, &c."

A demurrer was sustained to this and the Commonwealth appeals.

The statute, section 24 of chapter 33 of the Acts of 1922, provides:

". . . or if any person shall be drunk or intoxicated on any public or private road or in any passenger coach, street car or other public place or building or at any public gathering, or if any person shall be drunk or intoxicated and shall disturb the peace of any person he shall be guilty of a misdemeanor, &c."

It will be observed that the statute makes it an offense for a person to be drunk or intoxicated at certain places therein specified or to be drunk or intoxicated elsewhere and to disturb the peace of another person.

None of the prohibited places is specified in the indictment and it is not alleged that the defendant disturbed the peace of any person. In this respect the section of the statute quoted, *supra,* is somewhat different from that of section 28, chapter 81, of the Acts of 1920. In that act the concluding phrase reads:

"If any person shall be drunk or intoxicated *or* shall disturb the peace of any person he shall be guilty, &c."

In the case of Lewis v. Com., 197 Ky. 450, the two statutes were treated as identical and construed to mean that both drunkenness and the disturbance of the peace of another must concur in order to constitute an offense.

However that may be, under the express language of the latter act, except in the places named, both must concur.

The indictment being defective in this particular the demurrer was properly sustained.

Judgment affirmed.