## Patrick v. Commonwealth.

(Decided June 22, 1928.)

### Appeal from Magoffin Circuit Court.

1. Indictment and Information.—Indictment drawn under Ky. Stats., sec. 3749, charging that by reason of drunkenness defendant was unable, incompetent, and disqualified to discharge any of duties of his office, held not demurrable or such as to require election on ground that two offenses were charged, since indictment charged only one offense.

2. Indictment and Information.—Under Criminal Code of Practice, sec. 124, and sec. 122, subsec. 2, relating to indictments, indictment charging drunkenness, which is no offense, in accusatory part, was bad on demurrer, though descriptive part charged that defendant by reason of drunkenness was unable, incompetent, and disqualified to discharge any of duties of his office in violation of Ky. Stats., sec. 3749.

3. Drunkards.—Since enactment of Acts 1922, c. 33, sec. 24, one, though public officer, is not guilty of an offense unless he is in-

toxicated in one of places specified or disturbs peace of some person, so that mere drunkenness is not public offense.

H. H. RAMEY and W. R. PRATER for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On September 29, 1926, the grand jury of Magoffin county returned the following indictment:

"Magoffin Circuit Court.

"Commonwealth of Kentucky against Floyd Patrick.
"Indictment—Drunkenness.

"The grand jury of Magoffin county, in the name and by the authority of the commonwealth of Kentucky, accused Floyd Patrick of the offense of drunkenness, committed as follows: The said defendant on the 28th of September, 1926, in the county and circuit aforesaid, did unlawfully, willfully, and feloniously and while a county officer of Magoffin county, to wit: He, duly elected and qualified and acting jailer of Magoffin county, did, while in the discharge of his said duties as such officer, by the use of intoxicating liquor become drunk and unable, incompetent, and disqualified to discharge the duties of his office, against the peace and dignity of the commonwealth of Kentucky."

The defendant's demurrer to the indictment and his motion to require the commonwealth to elect having been overruled, he was tried and convicted and his punishment fixed at a fine of $100. The case is here on motion for an appeal.

The indictment was drawn under section 3749, Kentucky Statutes, which is as follows:

"If any person holding a state, county, district, town or city office shall, while in the discharge of the duties of his office, be in a state of intoxication produced by the use of spirituous, vinous or malt liquors, or if any such person shall, by the use of any such liquors, be unable or incompetent or disqualified to discharge any of the duties of his office, he shall be deemed guilty of a misdemeanor, and fined not less

than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00).''

Whether the statute creates two offenses we need not determine. It is sufficient to say that, even if that be the case, only one offense is charged in the indictment; that is, that by reason of drunkenness the defendant was unable, incompetent, and disqualified to discharge any of the duties of his office. It follows that the indictment was not demurrable, or such as to require an election on the ground that two offenses were charged. However, the indictment is defective on another ground. Under our Code the indictment must be direct and certain as regards the offense charged (section 124, Criminal Code), and must contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case. Subsection 2, sec. 122, Criminal Code. In construing these provisions we have held in a long line of cases that a lack of certainty in naming the offense in the accusatory part of the indictment cannot be supplied by certainty in stating the particular circumstances of the offense in the descriptive part of the indictment, and that an indictment that names no offense in the accusatory part is bad on demurrer. Brooks v. Commonwealth, 98 Ky. 143, 32 S. W. 403, 17 Ky. Law Rep. 698; Commonwealth v. Reynolds, 4 Ky. Law Rep. 623; Commonwealth v. Castleman, 8 Ky. Law Rep. 608; Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116; Bennett v. Commonwealth, 150 Ky. 604, 150 S. W. 806, 43 L. R. A. (N. S.) 419; Deaton & Boggs v. Commonwealth, 220 Ky. 343, 295 S. W. 167.

Since the enactment of the Rash-Gullion Act (Acts 1922, c. 33, sec. 24), one is not guilty of an offense unless he is intoxicated in one of the places specified, or disturbs the peace of some person. Commonwealth v. Adams, 201 Ky. 420, 257 S. W. 45. That being true, mere drunkenness is not a public offense (Harkleroad v. Commonwealth, 207 Ky. 552, 269 S. W. 724; Morgan v. Commonwealth, 202 Ky. 211, 259 S. W. 46), and an indictment accusing one of drunkenness does not name any offense. It follows that the demurrer should have been sustained to the indictment.

This conclusion makes it unnecessary to determine the other questions raised.

Judgment reversed and caused remanded for a new trial consistent with this opinion.