## Grise et al. v. Commonwealth.

(Decided Oct. 7, 1932.)

OSCAR M. SMITH for appellants.

BAILEY P. WOOTTON, Attorney General, and WM. R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is a prosecution against appellants, James and J. V. Grise, upon an indictment returned by the Butler circuit court attempting to accuse them of the offense denounced by section 1241a-1 of the 1930 Edition of Carroll's Kentucky Statutes, which consists in conspiring or confederating and banding together of two or more persons·*for the purpose* of doing *certain* things named in the statute, one of which is the com-

mission of a felony. Upon their trial they were convicted, and appellant, James Grise, was punished by confinement in the penitentiary for one year, while his brother, the appellant, J. V. Grise, was confined in the Reform School until he reaches the age of twenty-one years, since it was admitted that he was under seventeen years of age at the time of the doing of the acts complained of so as to bring him within the jurisdiction of the juvenile court.

Their motion for a new trial was overruled, and from the judgment pronounced on the verdict, they prosecute this appeal, urging a number of grounds, among which are: (1) The insufficiency of the indictment, and (2) that appellant, J. V. Grise, who was admittedly a juvenile, cannot be prosecuted in the circuit court without having first been apprehended by the juvenile court of his county and by it properly transferred to the circuit court, which the record does not disclose was done. A third ground is, that the verdict is not sustained by sufficient evidence; but, since we have concluded that grounds 1 and 2 are well founded, neither the third nor any other one relied on will be discussed or determined, but the first two will be considered and disposed of in the order named.

1. The indictment in this case in its accusatory part, and in which the offense is named, charges defendants "of the offense of unlawfully banding and confederating together; committed as follows, to wit." Then follows what is usually designated as the "descriptive" part of the indictment, in which appellants are charged with willfully and feloniously going forth and intimidating and wounding one James Rosser, and of doing other acts, none of which are charged as having been maliciously done. But, perhaps, that would not be necessary if the offense with which appellants are accused had been properly designated, and we mention the failure of the indictment to charge the acts as having been done with malice only for the purpose of showing that the acts so charged did not in and of themselves constitute a felony.

In the case of Deaton & Boggs v. Commonwealth, 220 Ky. 343, 295 S. W. 167, the sufficiency of an indictment to charge the offense denounced by the same section of the statute was before us. Its accusatory part in that case charged the offense as being "the crime of confederating" followed by a description of the acts

constituting it, the latter of which was held to be sufficient; but because of the failure of the accusatory part of the indictment to name a public offense it was held that it failed to charge one. It will be observed that the indictment in this case is identical with the one in that one. It is true that the named offense in this case is charged as "banding and confederating together," but the coupling of the word "banding" with the word "confederating," which was the only one employed in the Deaton Case, adds no additional force to the statutory designation of the offense. It was pointed out in the Deaton opinion that it is not every act of "confederating," or of banding and confederating together, or even of "unlawfully banding and confederating together," that comes within the denunciation of the statute, since its plain terms require that such confederating must be for one or more of the purposes named in the statute. Hence, in the case of Eubank, v. Commonwealth, 210 Ky. 150, 275 S. W. 630, 631, we held that an indictment under the same statute was good where the named offense in the accusatory part of the indictment was described as "confederating or banding themselves together *for the purposes of doing a felonious act.*" (Our italics.)

There is no alleged purpose of the charged confederation in this case, and its omission from the named offense renders the indictment of no avail, since the conspiracy may have been formed for some innocent purpose, or for one not denounced by the statute, although unlawful. The principle announced in the Deaton Case has been expressly approved by this court in the cases of Patrick v. Commonwealth, 225 Ky. 202, 7 S. W. (2d) 1039; Gregory v. Commonwealth, 226 Ky. 617, 11 S. W. (2d) 432, and Commonwealth v. Dishman, 232 Ky. 686, 24 S. W. (2d) 568. From the foregoing authorities it is clear that the indictment in this case is fatally defective in failing to state, in designating the name of the offense, the *purpose* for which defendants banded themselves together, and which must be one denounced by the statute. It, therefore, follows that ground 1 is meritorious and it is sustained.

2. The record uncontradictedly discloses that the appellant, J. V. Grise, at the time of the alleged commission of the offense by him, was an infant under 17 years of age, but it nowhere appears in the record that he was ever apprehended by, or brought before, the juvenile court of Butler county, nor that such court

transferred the charge against him to the Butler circuit court before the indictment against him was found in the latter court. We held in the case of Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490, and others cited therein, that the circuit court had no jurisdiction, not even to prefer an indictment, against a juvenile under the statute, unless he was first apprehended by the juvenile court of his county, or in some lawful manner it obtained jurisdiction of him and transferred the prosecution against him to the circuit court. It was further held in that and preceding cases that the fact of the failure of such precedent exercise of jurisdiction by the juvenile court could be raised at any stage of the prosecution, even for the first time on appeal to this court, and that such failure rendered the judgment of the circuit court totally void. It would, possibly, not be necessary for the indictment to charge such facts; but it is necessary for the record to show that such compliance with the juvenile statute was had before the indictment was found.

A number of later cases approving the doctrine of our opinion in the Waters Case have been rendered, and we have steadfastly followed it. It is therefore apparent that the judgment against J. V. Grise was also unauthorized for this additional reason.

Wherefore, the judgment is reversed as to each defendant, with directions to sustain their motion for a new trial and to set aside the judgment, and for proceedings consistent with this opinion.