**Harry C. TAYLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

Lowell W. Lundy, Pineville, for appellant.

Robert F. Matthews, Atty. Gen., J. T. Frankenberger, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was indicted for, and convicted of, obtaining property under false pretenses, an offense under KRS 434.050. He was given a two-year sentence.

The first ground of appeal is that the offense proved against him constituted forgery and that he should have been prosecuted under KRS 434.130. There is no doubt the facts did establish the latter offense. However, they also established all of the elements of the crime under KRS 434.050 which are specified in Rowland v. Commonwealth, Ky., 355 S.W.2d 292, 294.

Inducing another to part with money or property by delivery of a forged

**334**

instrument may constitute the offense condemned by KRS 434.050. Day v. Commonwealth, 110 S.W. 417, 33 Ky.Law Rep. 560. We know of no reason or authority which would require the Commonwealth to prosecute appellant for another offense which developed on proof of the charged crime. (It may be noted that appellant was prosecuted for the lesser crime.) If the same act may constitute either of two offenses, or if a single act is common to two offenses, the grand jury may elect to indict on either. Commonwealth v. Tobin, 140 Ky. 261, 130 S.W. 1116; Newton v. Commonwealth, 198 Ky. 707, 249 S.W. 1017.

Appellant contends the proper venue of the action was not proven. KRS 452.650 provides:

"The venue of the prosecution may be waived by the defendant and the failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution."

Appellant not only failed to raise this question by "timely motion", but he did not raise it at any time in the trial court. He must be deemed to have waived this point.

The judgment is affirmed.