Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., Frankfort, for appellee.

**Raymond FLORA, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

Rehearing Denied March 12, 1965.

STEWART, Judge.

Raymond Flora, found guilty of the offense of grand larceny, was sentenced to four years in the penitentiary. See KRS 433.220. He appeals.

Upon trial Samuel Roe, a truck driver who was jointly indicted with appellant, testified that on December 14, 1962, he was paid $125 by appellant to deliver a load of tobacco to a location other than its proper destination. This tobacco was diverted from and never restored to its owner, the American Tobacco Company. Roe had previously pleaded guilty to the charge of grand larceny arising out of the same incident and had received a one-year probated sentence.

The contention made on this appeal is that Roe must be deemed to have been an accomplice of appellant in the commission of the crime and that, since there was an absence of corroborative testimony, appellant should have received a directed verdict of acquittal.

RCr 9.62, which incorporates Section 241 of our former Criminal Code of Practice within it and upon which appellant relies, is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

In Harris v. Commonwealth, Ky., 285 S.W.2d 489, 491, it was said: " * * * we have held the requirement of the rule is met if the corroborative evidence is of such quality that a reasonable and unprejudiced mind could conclude that it tends to establish some fact that links the accused up with the principal fact of the commission of the offense." See Price v. Commonwealth, 296 Ky. 144, 176 S.W.2d 271; Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609.

Appellant undertook to prove an alibi. He testified that on the day the crime was committed, except for going out to eat lunch, he was at a hospital in Lexington with one Malcolm Huff, while the latter's wife was undergoing an operation, from about 9:30 a. m. until late in the afternoon. He and Huff left around 11:30 a. m. for the noon meal at Huff's residence and were back at the hospital not later than 12:30 p. m. Appellant testified he rode to Huff's residence in a black and white 1953 Chevrolet. En route they went through an area where there are a number of tobacco warehouses. It was in this vicinity that the crime was perpetrated.

Roe said he saw appellant in the "afternoon after lunch" on the day the tobacco was wrongfully taken from its owner. Pursuant to appellant's instructions Roe delivered one load properly before transporting the second load to the location where it was stolen. Appellant was with Huff in a black and white 1953 or 1954 Chevrolet during the delivery of the second load. According to Roe's testimony, "He (Huff) was driving his car and was parked behind the warehouse where Flora told me to follow them to the warehouse."

Appellant and Huff contradicted each other as to the hospital in which the operation was performed, appellant testified it was in the University Hospital on the Nicholasville Pike, while Huff said it took place at the St. Joseph Hospital on the Harrodsburg Pike. Huff stated he and appellant remained at the hospital all day, and that he was unable to remember whether he and appellant went out to eat lunch. Huff and appellant quit their jobs the day after the tobacco was stolen.

Anna Croucher, called as a witness for the Commonwealth, testified she had lived in the same house in Lexington with appellant, and that she had been "going with" him a year and four months. We recite from her testimony on direct examination these questions and the answers given by her:

"Q. 15 Did he ever talk to you about a deal of taking tobacco to the wrong warehouses?

"A. Yes, he did.

* * * * * *

"Q. 18 Do you recall giving a statement to the Lexington Police Department as to what you knew about this Raymond Flora and some stealing of tobacco? Do you recall doing that?

"A. Yes."

It is our opinion the statements of Anna Croucher tend to connect appellant with the crime of which he is accused. Although she refused, when asked to do so, to repeat what she had told the Lexington Police Department, her response to the first question confirmed exactly how the

theft was committed, namely, that appellant highjacked tobacco by taking it to the "wrong" warehouse. This evidence, coming from the lips of appellant's "close" friend, is corroboration of a very strong kind.

In addition, we have appellant's admission that he was with Huff in a black and white 1953 Chevrolet on December 14, 1962, in the neighborhood where the diversion took place and at or about the time it occurred. It will be recalled Roe testified in a similar vein. The jury was entitled to consider such a circumstance in connection with all the other evidence in the case in determining the question of his guilt.

■ Certainly the facts we have set forth bring this case within the rule quoted from the Harris case, supra, and within the doctrine that "[i]t is usually a question ⌐ · the jury as to whether the required corroborating evidence has been produced under a proper instruction submitting that issue," as stated in Price v. Commonwealth, supra. The trial judge gave the jury a proper definition of an accomplice and instructed correctly concerning corroboration.

Wherefore, the judgment is affirmed.