MONTGOMERY, Judge.
Rodney Faison was convicted of conspiracy to commit a felony. He was sentenced to five years’ confinement. He contends *944 on appeal that the court erred in failing to direct a verdict for appellant because of: (1) a failure to prove venue; (2) a failure to establish a corpus delicti; and (3) a failure to corroborate the accomplice’s testimony. Other suggestions of error are made but in the absence of supporting argument or authority they are considered merit-less.
In the indictment appellant was charged jointly with Rudolph Hamilton and Sylvester Coleman. Appellant was tried separately. Hamilton was convicted of willful murder committed in the course of a robbery. Hamilton v. Commonwealth, Ky., 401 S.W.2d 80 (decided March 25, 1966).
The body of the indictment is as follows:
“The Grand Jury charges:
On or about the 28th day of Dec., 1963, in Meade County, Kentucky, the above named defendants committed Conspiring to commit a felony by entering into a conspiracy to commit the crime of robbing the Basham Tavern in Meade County, Kentucky, against the peace and dignity of the Commonwealth of Kentucky.”
Appellant argues that inasmuch as the indictment recited “in Meade County” and appellant was not in Meade County on that day, then his motion for a directed verdict should have been sustained because there was a failure to prove venue. The proof shows that the alleged conspiracy was formed in Hardin County, an adjoining county to Meade County.
On December 28, 1963, appellant, Hamilton, . and Coleman were members of the armed forces stationed at Fort Knox. During the afternoon of that day the.three men went to Elizabethtown in Hardin County in appellant’s car. During the course of the afternoon and early evening they had several drinks. According to the testimony of Coleman, who implicated appellant, the plans for robbing Basham’s Tavern, a liquor store located in Meade County about three miles from Fort Knox, were formulated on the return trip from Elizabethtown to Fort Knox. Coleman, in referring to appellant, testified:
“Oh yes it was understood between the three of us that his car would be used and that he was a part of it along with the rest of us. It was understood.”
Normally the venue of a prosecution is in the county in which the offense is committed. KRS 452.510. However, KRS 452.570 provides: “Where a person in one county aids, abets or procures the commission of an offense in another county he may be tried for the offense in either county.”
There is no merit in appellant’s argument that there was a failure to prove venue. Under KRS 452.570 appellant, as the conspirator who aided, abetted, or procured the commission of the robbery by Hamilton, could have been tried either in Hardin County where the conspiracy was formed or in Meade County where the object of the conspiracy was accomplished. This was in accord with the plain language of the statute.
Further, under the proof, the robbery, a felony, was committed in Meade County. A conspiracy to commit a felony, when executed, is merged in the felony. Commonwealth v. Blackburn, 62 Ky. (1 Duv.) 4; Commonwealth v. Barnett, 196 Ky. 731, 245 S.W. 874. Under the merger theory Meade County was the proper venue for the offense. In Martin v. Commonwealth, 193 Ky. 835, 237 S.W. 1066, it was held that where various persons were charged with conspiring in Bell County, Kentucky, to commit murder, if the killing occurred in Tennessee, the venue of the crime would be in Tennessee where the killing occurred although the conspiracy was formed in Kentucky. See Roberson’s New Kentucky Criminal Law and Procedure, 2d Edition, Section 225, page 322. This case arose before enactment of KRS 452.570.
Lastly, RCr 8.26 provides for a change of venue if it appears from the indictment, information, or evidence that the offense was *945 committed in a county other than that in which the trial is being held. KRS 452.650 provides:
“The venue of the prosecution may be waived by the defendant and the failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution.”
The claimed lack of venue in Meade County should have been discovered and should have been raised by a timely motion prior to the trial. The failure to do so is a waiver of the objection. Taylor v. Commonwealth, Ky., 384 S.W.2d 333. It, therefore, is concluded that there was proper venue in Meade County under KRS 452.570 and under the merger doctrine, and that appellant waived any right to question the venue of the prosecution by failure to file a timely motion. The authorities submitted by appellant in support of his contention are not in point since they do not deal with a conspiracy.
Appellant contends that there was a failure to prove a corpus delicti. In Witt v. Commonwealth, 305 Ky. 31, 202 S.W.2d 612, it was said:
“Corpus delicti means the fact that the particular crime alleged has been actually committed by some one, and is made up of two elements: first, the existence of a certain act or result forming the basis of the criminal charge; and, second, the existence of criminal agency as the cause of this act or result. The corpus de-licti may be established by circumstantial evidence as any other fact in the case.”
The first requisite of corpus delicti, the criminal act, was established by the testimony of Earl Shelman, who said that he was present in the liquor store when Hamilton “stuck a gun in my throat and demanded the money.” He also said, “I gave him the money and he left the store.” This testimony was sufficient to establish the basis of the criminal charge.
“The- existence of criminal agency as the cause of this act,” the second requisite of corpus delicti, will be discussed in connection with appellant’s contention that the testimony of the accomplice, Coleman, was not sufficiently corroborated. In addition to giving the details of the robbery, Shel-man identified Hamilton, one of the conspirators, as the holdup man. LeRoy F. Lussier, a military investigator to whom Coleman and Hamilton made statements, testified that Coleman said that it was understood by appellant, Coleman, and Hamilton that appellant’s car would be used in the robbery and that he, Coleman, drove the car away from the tavern after the robbery to Pinwheel Loop where the car was wrecked. Lussier also testified that Hamilton told him that appellant helped to plan the robbery. Paul Perrine, chief of police of Muldraugh, testified that “somewhere between 2:45 and 3:30” on Sunday morning after the robbery at 10 p. m. on Saturday he heard appellant tell Lussier that he had loaned his car to Coleman and Hamilton. Lussier testified concerning the conversation as follows:
“He (appellant) reported to the Military Police desk, this was shortly after 2 o’clock in the morning of the 29th of December, that he had loaned his car to Hamilton and Coleman and that the car was now wrecked on Pinwheel Loop, and he asked for assistance in getting the car away from that area.”
Perrine also testified that appellant had $190 in his pocket when arrested.
Coleman testified that as he, Hamilton, and appellant entered Fort Knox on their return from Elizabethtown, “Rodney (appellant) wanted to stop at the NCO Club to get some cigarettes. He was supposed to go in and get him some cigarettes and return, and then we were supposed to continue to carry out the crime. Rodney took a little longer than usual, so Hamilton suggested that we just take off without Rodney.” Hamilton drove the car to a point about 500 yards from Basham’s Tavern. *946 Coleman waited in the car while Hamilton went to the tavern. A shot was fired, Coleman said, and Hamilton came back to the car, running, and he, Coleman, drove the car away and wrecked it at Pinwheel Loop, about 1000 yards from the tavern.
In considering the correctness of the denial of appellant’s motion for a directed verdict, only the evidence for the prosecution need be scrutinized here. The test as to whether Coleman’s testimony is corroborated “is met if the accomplice’s testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense.” It “is not sufficient if the other evidence merely shows that the offense was committed and the circumstances thereof.” Barker v. Commonwealth, Ky., 385 S.W.2d 671.
The Barker case is similar since Barker’s car was found a short distance from the scene of the offense. There, Barker claimed that his car had been stolen. Here, appellant claimed that he had loaned his car. There is no question that appellant’s car was used in the robbery, and, according to the testimony of Lussier and Perrine, appellant knew at 2 or 3 a. m. the next morning that his car had been wrecked and its location, Pinwheel Loop about 1000 yards from Basham’s Tavern. It is not shown how he obtained the information concerning the wrecking of his car. Further, the unexplained presence of $190 in appellant’s pocket immediately after the robbery is a corroborating factor.
 In determining the sufficiency of the corroborating evidence, the use and presence of appellant’s car is evidence tending to connect appellant with the commission of the offense. His knowledge of its being wrecked and the presence of $190 in his pocket, unexplained, when arrested are further corroborating factors. These factors go beyond a. mere showing that the offense was committed and the circumstances thereof. These factors are also outside the testimony of the accomplice. Such testimony fully meets the test tending to connect appellant with the commission of the offense. The requirement of the rule is met if the corroborative evidence is of such quality that a reasonable and unprejudiced mind could conclude that it tends to establish some fact that links the accused with the principal fact of the commission of the/ offense. Harris v. Commonwealth, Ky., 285 S.W.2d 489; Flora v. Commonwealth, Ky., 387 S.W.2d 15.
Appellant’s testimony, by way of explanation of these factors, raises a factual issue for the jury, but it does not in any way lessen the sufficiency of the corroborating testimony to sustain the correctness of the ruling on the motion for a directed verdict. The corroborating evidence when coupled with the remainder of the testimony for the prosecution fully establishes the second element of the corpus delicti, “the existence of the criminal agency as the cause” of the criminal act committed. The trial court correctly so held.
Judgment affirmed.